**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

                    Plaintiff,        Case No. 24-cr-20073

v.                          Judith E. Levy
                                  United States District Judge

Stephen Taylor,

                                  Mag. Judge David R. Grand

                    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S REQUEST**
**TO FILE UNDER SEAL DOCUMENTS ATTACHED**
**TO HIS MOTION FOR COMPASSIONATE RELEASE [33]**

Before the Court is Defendant Stephen Taylor's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) or for compassionate release. (ECF No. 33.) Defendant used Form AO 250 to request compassionate release and followed the form's instructions. Defendant checked boxes throughout the form to indicate that he wants the documents attached to the motion to be filed under seal: a proposed release plan, his mother's medical records, and prison records. (*Id.* at PageID.181–182, 188, 193, 195.) For the reasons set forth below, the Court grants Defendant's sealing request.

The Court finds that it is appropriate for the documents at issue to be filed under seal. The documents contain the personal information of third parties such as addresses, telephone numbers, and medical diagnoses and medications. The documents also contain medical information related to Defendant. There is no compelling public interest in this information, and the privacy interests of the individuals involved are great. Concern for the privacy rights of third parties with regard to matters related to their personal and medical information—and for the privacy rights of Defendant with regard to his medical information— supplies a sufficiently compelling basis to warrant sealing the documents. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (internal citation omitted)); *Detillion v. Ohio Dep't of Rehab. & Corr.*, No. 2:22-cv-2671, 2023 WL 4925415, at \*2 (S.D. Ohio Aug. 2, 2023) ("Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." (quoting *Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at \*1 (S.D. Ohio May 17, 2022))); *United States v. Sanders*, No. 1:20-cr-00366, 2022 WL

896668, at *3 (N.D. Ohio Mar. 28, 2022) (granting the defendant's ex parte motions to seal exhibits that contain "personal medical information" because "[s]ealing the exhibits at issue preserves Defendant Sanders's privacy interest in his medical records"). Thus, nondisclosure of the documents is justified and outweighs the public interest in disclosure. Moreover, the sealing proposed by Defendant is not broader than necessary. It is therefore appropriate for the documents attached to Defendant's motion to be filed under seal. *See Shane Grp., Inc.*, 825 F.3d at 306 ("[T]he interests in support of nondisclosure are compelling, . . . the interests supporting access are less so, and . . . the seal itself is no broader than necessary[.]").

Accordingly, Defendant's request to file under seal the documents attached to his *pro se* motion for compassionate release—a proposed release plan, his mother's medical records, and prison records—is granted. (ECF No. 33, PageID.181–182, 188, 193, 195.) For the documents to be filed under seal, the Court orders as follows:

(1) Defendant's motion (ECF No. 33) is stricken; and

(2) the Clerk's Office is directed to (A) refile Defendant's motion[1] and (B) file under seal the proposed release plan, Defendant's mother's medical records, and the prison records attached to the motion.

IT IS SO ORDERED.

Dated: February 13, 2026        s/Judith E. Levy
       Ann Arbor, Michigan      JUDITH E. LEVY
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2026.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager

---

[1] Because Defendant's motion and the documents attached to it were entered on the docket as a single filing without attachments, the Court is unable to seal the attachments to the motion unless the motion is refiled.